```
LAW OFFICES OF BARRY LEVINSON                              e-filed: 06/09/09
BARRY LEVINSON, ESQ.
Nevada Bar No.: 006721
MICHAEL S. TERRY, ESQ.
Nevada Bar No. 11295
2810 S. Rainbow Blvd.
Las Vegas, Nevada 89146
(702) 836-9696
Attorneys for Debtor(s)
```

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | In Bankruptcy<br>BKS-07-11730-LBR<br>Chapter 13 |
| IRENE MICHELLE SCHWARTZ-TALLARD,<br><br>Debtor(s). | **MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY AND FOR ATTORNEY FEES**<br><br>Date:      TBD<br>Time:      TBD<br>Courtroom: 1<br>Trustee:   Rick A. Yarnall |

  Irene Schwartz Tallard ("Debtor") by and through her attorney of record, Barry Levinson of Law Offices of Barry Levinson, hereby moves this Court for an order holding HSBC Bank USA and Nomura Asset Acceptance Corporation, their attorney Gregory Wilde, Esq. and Wilde & Associates in contempt and sanctioning each of them for the willful violation of the automatic stay by continuing their post-petition harassment and collection efforts against the Debtor.

**FACTS**

The facts are not in dispute:

  1.  On March 27, 2009, the Law Offices of Barry Levinson substituted in as counsel for debtor after debtor had terminated the services of her prior counsel, the Law Offices of Frank Sorrentino.

  2.  Upon debtor's retaining her new counsel, she informed counsel that her previous attorney had failed to inform her that a creditor in her bankruptcy case, American Servicing

1  Company, had filed a Motion to Lift Automatic Stay and not informed her of such filing nor
2  communicated with her as to her intentions with respect to how to respond to the motion.
3  Because of such omission on her prior counsel's part, on April 6, 2009, the creditor was granted
4  its requested relief and the automatic stay was lifted as to the debtor's residence.

5       3.     On May 6, 2009, the Law Offices of Barry Levinson filed an Ex Parte Application
6  for an Order Shortening Time to hear Motion to Reinstate the Automatic Stay, which Motion was
7  heard by this Court on May 13, 2009.   Creditor American Servicing Company did not file an
8  objection to the Motion to Reinstate Automatic Stay.    Present at the hearing of the Motion to
9  Reinstate Automatic Stay were debtor's counsel, Barry Levinson and counsel for the creditor
10 American Servicing Company.   At that hearing, the Court granted Debtor's Motion to Reinstate
11 Automatic Stay and that all foreclosure actions against the property were stayed.    The court heard
12 testimony regarding the debtor's lack of notice about the hearing of creditor's Motion to Lift
13 Automatic Stay and it held the fact of debtor's failure to receive actual notice of the hearing
14 rendered the Court's associated Order lifting the automatic stay an appropriate ground to reinstate
15 the automatic stay.   Counsel for creditor American Servicing Company was fully aware of the
16 Court's intent as reflected in its discussions with debtor's counsel.   Accordingly, the Court
17 instructed that an Order be prepared by debtor's counsel which reflected its holding that the
18 automatic stay be reinstated.

19      4.     On or about May 14, 2009, debtor's counsel filed with the Court an "Order on
20 Motion to Reinstate Automatic Stay" reflecting that that Motion to Reinstate Automatic Stay had
21 been granted that was consistent with the Court's ruling in open court on May 13, 2009.    The
22 Order which was filed did not contain the notification Certification thereon consistent with
23 LR 9021.   Thus, the Court did not enter the Order submitted by debtor for this reason.

24      5.     On May 27, 2009, debtor's counsel circulated to the required individuals a second
25 "Order on Motion to Reinstate Automatic Stay" which did incorporate therein the notification
26 mandated by LR 9021.   By close of business on May 28, 2009, none of the individuals to whom
27 the second Order had been circulated had responded or objected, so, in the early evening of

May 28, 2009, debtor's counsel filed the second Order which contained therein the LR 9021 certification.   On June 3, 2009, the Court entered the Order upon the docket (see attached Order attached hereto as "Exhibit A").

      6.      During the period of time between the court's ruling in open court on May 13, 2009 reinstating the automatic stay (at which counsel for creditor American Servicing Corporation was present and understood the clear meaning and intent of the Court) and the present date, agents for the creditor have violated the automatic stay on several occasions, to wit:

      7.      On May 27, 2009, debtor was informed by the security guard at her development that an agent of creditor, Century 21, was attempting to gain access through the gate and did she want to allow the agent such access to her residence.   Debtor informed the security guard that she did not want to provide such access to the agent.   Shortly thereafter, debtor then met with her counsel at which time counsel placed a call to the creditor and its affiliate who denied any knowledge of an agent attempting to obtain access the debtor's residence.   Counsel then placed a call to a broker at Century 21 who also denied any knowledge of attempts to obtain access to the debtor's residence.

      7.      On May 28, 2009, creditor's counsel posted a "Three Day Notice to Quit" upon the debtor's residence which referenced that a Trustee's sale had taken place on May 20, 2009 and that the debtor's residence had been purchased thereat by HSBC Bank USA had become the owner of the property (a true and correct copy of the "Three Day Notice to Quit" is attached hereto as "Exhibit B").    The attached Three Day Notice to Quit was posted upon debtor's residence a full fifteen (15) days after the Court had ordered in open court that the automatic stay had been reinstated and that all further foreclosure activities had been ordered to stop.

      8.      Also on May 28, 2009, an agent of creditor, the broker from Century 21, posted a "Notice of New Ownership" upon the debtor's residence ( a true and correct copy of the "Notice of New Ownership" is attached hereto as "Exhibit C").    The individual broker from Century 21 who had on May 27, 2009 denied any knowledge to debtor's counsel of attempts to obtain access

1  to debtor's residence was the very same individual who on May 28, 2009 posted the "Notice of
2  New Ownership".

3      9.    Debtor's husband found the "Notice of New Ownership" posted upon the residence
4  and when he inquired of the development's security guard whether an agent of Century 21 had
5  been to the development that day, the security guard informed the debtor's husband that no such
6  person had identified themselves as an agent of Century 21.   Thus, it is reasonable to presume
7  that the Century 21 agent mis-represented themselves(s) to the security agent to obtain access to
8  debtor's residence to post the "Notice of New Ownership" (see attached Affidavit of Irene M.
9  Tallard Schwartz attached hereto as "Exhibit D").

10      10.    On June 1, 2009, debtor's counsel sent a certified letter to creditor's counsel
11  informing him of his violation of the automatic stay and the necessity to cease all further activities.
12  The letter was also sent via to creditor's counsel via facsimile and via courier (see attached letter
13  to creditor's counsel attached hereto as "Exhibit E").

14      11.    Both debtor and her husband have sustained significant emotional turmoil as a
15  result of creditor's violation of the automatic stay as well as humiliation and embarrassment vis-à-
16  vis their neighbors and family members who observed the "Notice of New Ownership" and the
17  "Three Day Notice to Quit" that were posted upon their residence.

## LEGAL ARGUMENT

The automatic stay applies in Chapter 13 cases, Bankruptcy Code §362 provides, in pertinent part, that:

> *(a)    Except as provided in subsection (b) of this section, a petition filed under Section 301, 302 or 303 of this title…operates as a stay, applicable to all entities, of:*
>
> *(1)    the commencement of continuation, including the issuance of employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that rose before the commencement of the case under this title;*


*(2)    the enforcement against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;*

*(3)    any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;*

*...*

*(6)    any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title;*

*...*

*(b)    Except as provided in subsections (d)(e) and (f) of this section-*

*(1)    the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and*

*(2)    the stay of any other act under subsection (a) of this section continues until the earliest of-*

*(A)    The time the case is closed;*

*(B)    The time the case is dismissed; or*

*(C)    If the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12 or 13 of this title, the time a discharge is granted or denied.*

It is undisputed that debtor Irene M. Tallard Schwartz is the debtor who filed a petition for relief and she has not yet been granted or denied a discharge. Thus, it cannot be disputed that the automatic stay is currently in effect.

Imposing sanctions under §362(h) for a violation of the automatic stay requires a showing that 1. The actions taken are in violation of the automatic stay  2. The violation was willful, and 3. The debtor was injured as a result of the violation.   To prove a willful violation of the automatic stay, it is not necessary to show that the creditor had the specific intent to violate the stay.  It is sufficient to show that the party knew of the existence of the bankruptcy case and that

the creditor's actions were intentional.  A violation of the automatic stay is willful when *"[t]here is ample evidence in the record to support the conclusion that [the creditor] knew of the pending petition and intentionally attempted to [continue collection procedures] in spite of it."*  In re Hamrick, 175 B.R. 890, 892 (W.D.N.C 1994).

Courts have overwhelmingly and consistently held that a creditor's failure to halt collection proceedings after a petition is filed violates the automatic stay.  In In re Banks, 253 B.R. 25 (Bankr. E.D. Mich. 2000) the court stated:  *"Based on [the] language of §362(a)(1), many courts have emphasized the obligation incumbent upon creditors to take the necessary steps to halt or reverse any pending state court actions or other collection efforts commenced prior to filing of a bankruptcy petition, including garnishment of wages, repossession of an automobile, foreclosure of a mortgage or a judgment lien and, thereby, maintain or restore, the status quo as it existed at the time of the filing of the bankruptcy petition."*

The responsibility to terminate collection activities is placed upon the creditor and not the debtor because: *"[t]o place the onus on the debtor…to take affirmative legal steps to recover property seized in violation of the stay would subject the debtor to the financial pressures the automatic stay was designed to temporarily abate, and render the contemplated breathing spell from his creditors illusory"*  In re Honeycutt, 198 B.R. 306 (quoting Ledford v Tiedge (In re Sams), 106 B.R. 485, 490 (Bankr. S.D. Ohio 1989)). See also Sucre v MIC Leasing Corp. (In re Sucre) 226 B.R. 340, 347 (Bankr. S.D.N.Y. 1998), *"[U]pon receiving actual notice of the commencement of a bankruptcy case, a creditor has an affirmative duty under §362 to take the necessary steps to discontinue its collection activities against the debtor."* ; Mitchell Const. Co., Inc. v Smith (In re Smith), 180 B.R. 311, 319 (Bankr. N.D. Ga.1995), *"When a creditor receives [notice of the bankruptcy], the burden is then on the creditor to assure that the automatic stay is not violated,, or, if it has been violated prior to receipt of actual notice, the burden is on the creditor to reverse any such action taken in violation of the stay.";* Mitchell v Quality Plant Serv,

Inc. (In re Mitchell), 66 B.R. 73, 75 (Bankr. S.D. Ohio 1986), *"If one is enjoined from continuing a judicial proceeding against the debtor, one is obliged to discontinue it"* ; O'Connor v Methodist Hospital of Jonesboro, Inc. (In re O'Connor), 42 B.R. 390, 392 (Bankr. E.D. Ark 1984) *"At whatever stage the garnishment is, the creditor's attorney must do everything he can to halt the proceeding.";* In re Pinkstaff, 974 F.2d 113, 114-115 (9th Cir 1992) *"Consistent with the plain and unambiguous meaning of the statute and consistent with Congressional intent, we hold that §362(a)(1) imposes an affirmative duty to discontinue post-petition collection actions. Eskanos & Adler, P.C. v Leetin, 309 F.3d 1210, 1215 (9th Cir. 2002)."*

Since the debtor has to bring this motion for violation of the automatic stay, the estate is entitled to recover its damages, attorneys' fees and costs, In re Pace, 67 F.3d 187, 193 (9th Cir. 1995). There is no legitimate reason for creditor and its agents to continue foreclosure efforts while the automatic stay is in place. As an ordinary rule, creditors who are unsure if the stay applies to them should assume the stay is applicable and seek appropriate relief pursuant to 11 U.S.C. § 362(f). 2 Collier on Bankruptcy, §362.04 [4] (Lawrence P. King ed. 15th ed 1992).

In this matter, though as of May 13, 2009 creditor clearly had actual notice that it was the Court's intent that the automatic stay be reinstated, they blatantly disregarded the court's instruction and continued foreclosure efforts. This type of callous disregard to the authority of the court and clear mandates of the statutes as set forth in the Bankruptcy Code cannot and should not be tolerated.

…

…

…

…

…

…

**CONCLUSION**

Creditor America's Servicing Corporation and its counsel, Wilde & Associates, should be held in contempt for willfully and repeatedly violating the automatic stay. The sanctions should be debtor's attorney fees and costs plus punitive damages in a large sum.

Dated:   June 9, 2009

By:   /s/ MICHAEL S. TERRY, ESQ.
BARRY LEVINSON, ESQ.
Nevada Bar No.: 006721
MICHAEL S. TERRY, ESQ.
Nevada Bar No. 11295