```
CHRISTOPHER P. BURKE, ESQ.            ECF FILED ON 1/04/10
Nevada Bar No.:  004093
atty@cburke.lvcoxmail.com
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor
for this hearing only
```

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | BK-S-07-11730-LBR |
| | Chapter 13 |
| **IRENE MICHELLE SCHWARTZ-TALLARD,** | |
| Debtor(s) | DATE: 01-07-10 |
| | TIME: 1:30 P.M. |

**PRETRIAL BRIEF IN SUPPORT OF MOTION FOR CONTEMPT FOR
VIOLATION OF THE AUTOMATIC STAY**

Comes Now, Debtor, IRENE MICHELLE SCHWARTZ-TALLARD, (hereinafter "Debtor" or "Schwartz-Tallard") by and through her attorney for this hearing only, CHRISTOPHER P. BURKE, ESQ. with her Pretrial Brief in Support of Motion for Contempt for Violation of the Automatic Stay against AMERICA'S SERVICING COMPANY, (hereinafter "A.S.C.").

**I
FACTS**

Debtor filed Chapter 13 March 30, 2007. Debtor's case was confirmed on July 3, 2007. (Dkt.#20). On February 27, 2009 ASC filed a Motion for Relief from Stay on Debtors home located at 17 Caprington Rd., Henderson, Nevada 89052, (hereinafter "Home").

1

(Dkt.#46).  On the documents attached to ASC's Motion the lender is listed as Soma Financial (hereinafter "Soma").  Ironically, ASC did not provide how it was a real party in interest with standing to bring said motion.  F.R.B.P. 7017(a).

ASC's Motion alleged Debtor had failed to pay her January 2009 and February, 2009 mortgage payments (Dkt.#46, Mot.for Rel.pg.2,ln.20).  In addition, ASC's Motion stated approximately $528,000.00 was owed to them and the Home's value was $605,000.00 (Dkt.#46,MRS.pg.3,ln.3).  Yet ASC's Motion seeks relief, erroneously stating "less ten percent (10%) cost of marketing. . .resulting in insufficient equity" in the Home. (Dkt.#46,pg.3,ln.3-4).

At the March 25, 2009 hearing ASC's motion was granted.  The Order was entered on April 6, 2009. (Dkt.#55).

The Order provided the secured creditor shall give Debtors at least five-business day's notice of the time, place and date of sale. (Dkt.55,pg.3,ln.1-2).

On May 6, 2009 Debtor, through her new attorney Barry Levinson (hereinafter "Levinson"), filed a Motion to Reinstate Automatic Stay (hereinafter "Mot.to Reinstate"). (Dkt.# 59). Debtors Order Shortening on Motion to Reinstate provided that a pending foreclosure sale was set for May 20, 2009 at 10:00 a.m. (Dkt.#60,pg.1,ln.19).

Debtors Mot. to Reinstate, provided proof of her October, 2008 through March, 2009 mortgage payments.  Tellingly, Debtors January, 2009 payment was cashed by ASC on January 26, 2009.  Not surprisingly, Debtors February, 2009 payment was cashed by ASC on

2

February 26, 2009 the day <u>before</u>, it filed its Motion for Relief Stay.  Then, Debtors March, 2009 payment was cashed March 25, 2009 <u>the day</u> the Motion for Relief was heard!  Debtor attempted to pay the April, 2009 payment, but it was sent back to her on April 23, 2009.

Debtors Motion to Reinstate was heard on May 13, 2009.  ASC did not oppose that Motion and the Bankruptcy Court granted it.  An Order was apparently uploaded on May 28, 2009 and entered on the Docket June 3, 2009 (Dkt.#65).  That Order provided "the automatic stay is reinstated as of the date of the hearing". (Dkt.#65,pg.2,ln.1).

On May 28, 2009 prior to Debtors Order being entered Debtors received a "Three Day Notice to Quit".  The Notice further provided a "Trustee's sale on the above property was held on May 20, 2009". (Dkt.#66,pg.2,ln.14).

On June 1, 2009 Debtors counsel Levinson sent a certified letter to ASC's counsel Greg Wilde, Esq. ("Wilde"), informing him that the automatic stay was violated.  On June 9, 2009 Debtor filed a Motion for Sanctions for Willful Violation of the Automatic Stay and for attorney fees. (Dkt.#66).

ASC opposed Debtors Motion, and filed a Counter Motion for Sanctions against Debtors counsel under Federal Rule of Bankruptcy Procedure 9011. (Dkt.#71,#73).

The hearing on Debtors Motion for Willful Violation of the Automatic Stay has been continued a number of times as Levinson sought to withdraw from the case.  Currently Debtors have new counsel in Christopher P. Burke, Esq. for this hearing only.

## II
## ARGUMENT
### A
### AN ORDER IS VALID WHEN SPOKEN

Neither the Federal Rules of Civil Procedure, nor the Federal Rules of Bankruptcy Procedure provide that orders are only effective when they are docketed by the clerk. In the Ninth Circuit, an oral order can be valid, especially when a creditor "clearly had notice of its existence and . . . understood and accepted the order as final for purposes of appeal." Commissioner v. Noli, 860 F.2d 1521,1525(9th Cir.1988). As one Court held "[a]n oral order of temporary injunction is just as effective as the signing of a written order." Ex Parte Barnes, 581 S.W.2d 812,814(Ct.Civ.App.Tex1979).

In a case directly on point, a Bankruptcy Court held that its oral order granting the debtor's motion to reinstate the stay, was effective when made and immediately resurrected the automatic stay. Thus, the post hearing foreclosure sale was void, as it was in violation of the oral order and automatic stay. In re Nail, 195 B.R. 922,930-32(Bankr.N.D.Ala.1996). In answering its own question, the Court asked "[M]ay a debtor rely on the courts' oral ruling? If a debtor cannot, how can the debtor protect whatever rights are available." Nails at 930 fn.11.

Besides the Ninth Circuit, other Circuits are in agreement that an oral order is valid when spoken. For instance, the Fifth Circuit upheld a bankruptcy court's written order, retroactive to the date of its prior oral order. In re MortgageAmerica Corp.,

4

831 F.2d 97,99(5th Cir.1987)(later written order must make clear the effective date). Similar holdings can be found in the Third and Sixth circuits. See Bethlehem Mines Corp. v. United Mine Workers, 476 F.2d 860, 862-64 (3d.Cir.1973) (affirming a finding of contempt against a party which had disobeyed an orally entered T.R.O.); In re La Marre, 494 F.2d 753, 758 (6th Cir.1974)(noting that an order "entered in open Court in the presence of the person concerned or with his knowledge" can be enforced by criminal contempt proceedings.)

### B
### STAY VIOLATION

Amongst other protections, the automatic stay prohibits the commencement or continuation of a proceeding against the debtor, any act to obtain possession or control of property of the estate, and any act to enforce a lien against property of the estate or the debtor. See 11 U.S.C. §362(a)(1),(3),(4) and (5).

ASC violated the stay by foreclosing on Debtors home after the stay was reinstated. 11 U.S.C. §362(a).  Ironically, ASC has continued to send mortgage collection statements to Debtor after foreclosing.

### C
### DAMAGES

Willful is defined as a deliberate act done with the knowledge that the act is in violation of the automatic stay. In re Forty-Eight Insulation, Inc., 54 B.R. 905,909 (Bkrptcy N.D.Ill.1985); In re Allen, 83 B.R. 678(Bkrptcy E.D.Penn.1987).

5

A creditor's violation of the stay is willful even if the creditor believed itself justified in taking action found to be violative of the stay. In re Tel-A-Communications Consultants, Inc., 50 B.R. 250,254 (Bkrptcy D.Conn.1985). The fact that a creditor acted in good faith in violating the automatic stay is not a defense. In re Stainton, 139 b.R. 232(9th Cir.B.A.P.1992).

The Ninth Circuit elaborated on the term "willful" in the context of 11 U.S.C. §362(h), In re Pinkstaff, 974 F.2d 113(9th Cir.1992). "A 'willfull violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded. Id at 115. See also In re Bloom, 875 F.2d 224,227(9th Cir.1989); In re Carroll, 903 F.2d 1266,1272(9th Cir.1990).

If the stay was willfully violated, the Bankruptcy Court can impose damages, sanctions and attorney fees. 11 U.S.C.§362(k). Debtor has suffered anxiety, humiliation, medical expenses and loss of income. The Ninth Circuit allows for emotional distress damages. See In re Dawson, 390 F.3d 1139(9th Cir.2005). On remand, in a case not unlike this one, Mr. Dawson was awarded $20,000.00 for emotional distress where a reasonable person similarly situated would have suffered serious emotional distress, when the bank did not rescind the foreclosure for five (5) months. In re Dawson, 346 B.R.503(N.D.Cal.2006).

6

Some other examples include, <u>In re Bolen</u>, 295 B.R. 803,812 (Bkrptcy.D.S.C.2002), ($23,350.00 for willful violation of the stay), <u>In re Diviney</u>, 225 B.R. 762,778 (10th Cir.B.A.P.1998)(affirming $40,000.00 punitive damages), <u>Progressive Motors v. Frazier</u>, 220 B.R. 476,479 (D.Ut. 1998)(affirming $20,000.00 punitive damages), <u>In re Meeks</u>, 260 B.R. 46,48 (Bkrptcy. M.D.Fla.2000)(punitive damages $35,000.00).

### D
### RULE 9011(B)(3)
### FILING A MOTION WITH FALSE FACTS

Under F.R.B.P.9011(b)(3) when a party files a motion it "is certifying that to the best of that persons knowledge, information, and belief formed after an inquiry," that "the allegations and other factual contentions have evidentiary support."

ASC filed a Motion for Relief without providing proof it was a real party in interest. ASC filed its Motion, eventhough it was accepting Debtor's mortgage payments at that time. ASC filed its motion when Debtor was current. ASC even accepted a mortgage payment the day of the Motion for Relief hearing. Finally, ASC foreclosed on Debtors home, after the Court orally reinstated the stay on May 13, 2009. The Bankruptcy Court on its own Motion, can hold a separate hearing and impose sanctions under Rule 9011(c)(1)(B), if Rule 9011(b) is violated.

### II
### ISSUES

1. The Bankruptcy Court orally reinstated the automatic

stay. But ASC violated the stay by foreclosing on Schwartz home, because the written order had not yet been signed. Should ASC be allowed to ignore the Courts oral order?

2. Did ASC violate Rule 9011(b) by filing a motion for relief, without proof it was a real party in interest?

3. Did ASC violate Rule 9011(b) by filing a motion for relief when Debtor was current on her monthly mortgage?

4. Did ASC violate Rule 9011(b) by accepting a mortgage payment the day of the hearing?

## IV
## WITNESS

1) Irene Schwartz Tallard
2) Ken Schwartz
3) Barry Levison, Esq.
4) Michael Terry, Esq.
5) Greg Wilde, Esq.
6) Any and all ASC witnesses.

Schwartz reserves the right to amend her list of witnesses.

## V
## EXHIBITS

1) Entire Docket.
2) Three day notice to quit.
3) Notice of new ownership.
4) Clark County recorder list of property owners.
5) Transcripts.
6) Checks of mortgage payments.

8

7)  Bank Statements.

8)  ASC bill for mortgage.

9)  Medical bills.

10) Any and all ASC Exhibits.

Schwartz reserves the right to supplement her Exhibits.

## VI
## CONCLUSION

ASC violated the automatic stay by foreclosure on Debtors home after the Bankruptcy Court reinstated the stay. ASC should pay damages, fees cost and attorney fees.

DATED this 4th day of January, 2010.

                                               Respectfully submitted,

                                          /S/CHRISTOPHER P. BURKE, ESQ.
                                          CHRISTOPHER P. BURKE, ESQ.
                                          Attorney for Debtor(s)