1   WILDE & ASSOCIATES
    Gregory L. Wilde, Esq.
2   Nevada Bar No. 004417
    212 South Jones Boulevard
3   Las Vegas, Nevada 89107
    Telephone: 702 258-8200
4   bk@wildelaw.com
    Fax: 702 258-8787
5

6   Counsel for HSBC Bank USA and
    America's Servicing Company
7

8                   UNITED STATES BANKRUPTCY COURT

9                          DISTRICT OF NEVADA

10
    In Re:                                    BK-S-07-11730 LBR
11
    IRENE MICHELLE SCHWARTZ-                   Date:    January 7, 2010
12  TALLARD                                    Time:    1:30 p.m.

13                                             Chapter 13
                  Debtor.
14

15                          PRE-TRIAL BRIEF

16          COMES NOW,  HSBC BANK USA and AMERICA'S SERVICING COMPANY  by and

17  through counsel and files this Pre-Trial Brief stating as follows:

18  I.   UNDISPUTED FACTS:

19          HSBC BANK USA held a security interest in the form of a Note and Deed of Trust encumbering

20  17 Caprington Road, Henderson Nevada 89052, which loan was serviced by AMERICA'S SERVICING

21  COMPANY, with the Debtor as the Trustor/Borrower.  (Hereinafter "Secured Creditor").

22
            Secured Creditor directed counsel to file a Motion for Relief asserting that the Debtor was post
23
    petition delinquent which motion was filed on or about February 27, 2009.  No opposition was filed by
24

25

26

the Debtor or the Chapter 13 Trustee resulting in the motion being granted at the hearing on March 25, 2009.

Secured Creditor's counsel prepared and submitted an order vacating the automatic stay which was docketed on April 6, 2009.

Debtor's prior counsel subsequently filed a Motion to Reinstate the Automatic Stay which was heard on May 13, 2009. The motion was granted but said counsel did not promptly prepare, submit, or enter an order. The recorded transcript from the hearing also makes it clear that moving counsel did not ask the Court for an "immediate", "standing", "speaking", or "bench" order.

Secured Creditor held a foreclosure sale of the Debtor's residence on May 20, 2009. As of January 4, 2010, Debtor has not made any efforts to return title of the property to her.

On June 1, 2009, Debtor's prior counsel sent a letter asserting that the automatic stay had been violated (despite the fact an order had not been entered) and threatened a motion for sanctions.

Debtor's prior counsel submitted an order reinstating the stay which was signed and docketed on June 3, 2009. The order does not contain any retroactive language or relief.

On June 4, 2009, Secured Creditor's counsel sent a response letter acknowledging that a stay was in effect as of June 3, 2009, that no further eviction proceedings would occur, and that a motion for sanctions was not warranted. Debtor's prior counsel proceeded with a motion for sanctions nonetheless.

On June 17, 2009, this Court heard Debtor's emergency motion for sanctions and set the matter for an evidentiary hearing. The Debtor was present at the hearing and the Court will recall that it:

-Admonished Debtor's prior counsel for the delay in submitting an order reinstating the stay,
-Asked him if at the reinstatement hearing the Court labeled the order as "immediate", (which he quickly asserted was the case),
-Urged him to obtain and listen to a recording of the hearing, and
-Reminded him that the Court could not set aside the foreclosure sale or award damages for an alleged wrongful foreclosure without the filing of an adversary proceeding.

1    The Court also asked undersigned counsel to put in writing his protocol on motions to reinstate

2    the automatic stay and have a witness attend to testify of the payment history.

3

4    **II. ISSUES**

5

6    As discussed throughout this brief, the two narrow issues before this Court are; 1) When was the

7    automatic stay was reinstated?, and 2) if the foreclosure sale violated an automatic stay?  The Court

8    should not allow the Debtor to muddy the waters or the limited issues before it.  The Debtor is limited to

9    the relief requested in its motion for sanctions and alleged violation of 11 USC 362.

10   **III.  LAW AND ARGUMENT**

11   **a.  The Order Reinstating the Stay should be construed as effective upon entry**

12

13   With rare exceptions, orders are only effective upon being written, signed, and entered upon the

14   docket.  The Bankruptcy Appellate Panel of the Ninth Circuit has discussed the proper rational behind

15   this approach in two major cases discussed below.  There seem to be no cases addressing such an issue

16   by the Ninth Circuit.

17   The first case is almost directly on point to this instant Debtor's situation.  It involves the

18   foreclosure sale of a home after certain debtors obtained a "signed" order reinstating the stay but before

19   the order was "entered" on the docket.

20   The debtors in In re Sewell, 345 B.R. 174 (9th Cir. BAP), had their chapter 13 case dismissed for

21   failure to file certain documents with the court.  The documents were later procured and the debtors filed

22   a motion to reinstate their case.  A foreclosure sale took place "after" the order reinstating the case was

23   "signed" but before the order was "entered" on docket.  Debtors then moved to set aside the foreclosure

24   sale.

25

26

1    Bankruptcy Chief Judge Baum, of the District of Arizona, ruled that the order became effective

2    upon "docketing" and denied the debtors' motion to set aside the sale. The Ninth Circuit Bankruptcy

3    Panel later affirmed his decision.

4        The court in <u>Sewell</u> ruled:

5            The Reinstatement Order did "set aside" the dismissal but this may imply only
6            prospective relief. To vacate all of the effects of a dismissal order retroactively could
             have far ranging, unintended consequences. *See In re Aheong*, 276 B.R. 233, 243 n. 10
7            (9th Cir. BAP 2002). The Reinstatement Order says nothing about retroactively imposing
             the automatic stay and doing so would void not only the foreclosure sale but possibly
8            other events that we and the bankruptcy court know nothing about. We decline to read the
             Reinstatement Order so broadly and, like the court in *In re Brown*, 290 B.R. 415, 422
9            (Bankr.M.D.Fla.2003), we do not "find any reason to deviate from the well-accepted rule
             that orders are effective when written and docketed." *See also Beatty*, 162 B.R. at 857-58
10           (oral ruling was not effective to convert case, partly because "the rules consistently rely
             upon the entry of the judgment or order as the effective date for the consequences of the
11           judgment or order").

12   Id. at 180.

13       The court also recognized that:

14           Although not raised by the parties, the court also doubts the constitutional validity of a
             finding that the order was effective when signed where the [a]ffected parties lacked any
15           notice or knowledge thereof and lacked any way to find such order in the public record:
             such result seems to lack fundamental due process of law.
16

17   Id. at 177.    This comment was made about an order that had been "signed" by a court but not "entered"

18   on the docket. Punishing the instant Secured Creditor for allegedly violating an order that was *not even*

19   *reduced to writing* clearly lacks any fundamental due process of law.

20       The reference to <u>In re Beatty</u>, 162 B.R. 853 (9th Cir. 1994) provides further discussion on the

21   reasoning behind an order's effective date being its entry on the docket.

22           Various rules of procedure recognize that the effective and operative date of an order is
             the date of entry into the docket. For example, Fed.R.Bankr.P. 9021 and Fed.R.Civ.P. 58
23           provide that a judgment (which is defined by Fed.R.Bankr.P. 9001(7) and 9002(5) to
             mean any appealable order) is effective upon entry on the docket. The time for filing a
24           notice of appeal under Fed.R.Bankr.P. 8002(a) or a motion for a new trial under
             Fed.R.Bankr.P. 9023 and Fed.R.Civ.P. 59 commences upon the entry of an order. Under
25           Fed.R.Civ.P. 62(a), as made applicable by Fed.R.Bankr.P. 7062 and 9014, the entry of a
26

> judgment or order triggers the right to execute upon or enforce that judgment or order. Given that the rules consistently rely upon the entry of the judgment or order as the effective date for the consequences of the judgment or order, we decline to decide that conversion is effective upon oral ruling for purposes of determining whether a debtor retains his or her right to dismiss a Chapter 13 case.

Id. at 857-858. (In re Beatty was overturned by In re Rossom, 543 F.3d 764 (9th Cir. 2008) for reasons other than those cited above).

Undersigned counsel believes that it has been this Court's long standing protocol that unless it specifically designates on the record that it is an "immediate", "standing", "speaking", or "bench" order, such an order is not effective until it is reduced to writing and entered on the docket.

The protocol of undersigned counsel in handling motions to reinstate incorporates the above. When a motion to reinstate is received by undersigned counsel, it is immediately forwarded to the client with a request for direction on whether or not the client wishes to oppose the motion. Further, if undersigned counsel is later notified that a judge has made an "immediate", "standing", "speaking", or "bench" order, (regardless of whether or not the client has directed counsel to oppose), counsel immediately notifies the client in writing, as well as the trustee conducting any foreclosure sale if known, of the Court's ruling and directs it not to proceed.

Finally, if undersigned counsel receives a copy of an order reinstating the stay, (regardless of whether or not the client has directed counsel to oppose), counsel immediately forwards the order to the client, as well as the trustee conducting any foreclosure sale if known, and directs it not to proceed to sale.

Counsel asserts that this protocol properly follows this Court's direction as well as the controlling law cited above. It is unfortunate what has happened to this Debtor and counsel does not diminish or discount what has happened but strongly asserts that Secured Creditor did nothing wrong and properly proceeded. There is no evidence before this Court, and it is ridiculous to believe, that this

Debtor was somehow singled out for improper treatment or that a lender lays in wait to foreclose on a home using trickery. Especially in this economic climate.

**b. There has been no violation of the stay warranting damages under 11 USC 362(k)(1)**

Debtor's moving papers mistakenly assert damages under 11 USC 362(h) which has been replaced by 11 USC 362(k)(1). This statute requires that a creditor which violates the automatic stay reimburse a debtor for "actual" damages.

Secured Creditor asserts that it did not violate any automatic stay because none existed when the foreclosure sale was conducted. However, in the event this Court finds differently, the *actual* damages should be limited to that narrow window of time between June 1, 2009, when the Debtor first believed the stay had been violated, and June 4, 2009 when undersigned counsel acknowledged the reinstatement of the stay. In any event, the actual damages should go no further than the June 17, 2009, when the Court assured the Debtor that she was safe to remain in the home pending a decision of your Honor.

Additionally, the Court made it clear at the June 17, 2009, hearing that the Debtor could only seek to restore title to the home, and alleged damages from a wrongful foreclosure, in the context of an adversary proceeding. Seeking such remedies or damages at this juncture is not procedurally correct.

In order to prevail for any award of damages, the Debtor must prove by clear evidence that Secured Creditor " knew of the automatic stay and that [its] ... actions which violated the stay were intentional." In re Bloom, 875 F.2d 224, 227 (9th Cir. 1989). There is no evidence of any such knowledge before this Court or that the sale of the property was intentionally done with knowledge of the automatic stay being reinstated.

Allegations that the Debtor was current, or that the motion for relief was improper, which the Secured Creditor fervently disputes, are not relevant issues and are not the proper test in determining a violation of the automatic stay under 11 USC 362(k)(1). It is ridiculous to assert that a creditor violates

the automatic stay when it approaches a court of law. alleging that a debtor is delinquent. and seeks relief from the stay by a properly noticed motion.   Especially when a debtor does not even file an opposition to the motion!

Further, Secured Creditor is not sure if the Debtor is seeking emotional damages but if she is. such an award should only be granted in unusual circumstances for which this situation does not apply. It is clear that had Debtor's *first* counsel filed an opposition to the motion for relief, or had her *second* counsel sought an "immediate" order reinstating the stay or promptly entered a written order after the stay was reinstated. the parties would not be before this Court under these circumstances. The Debtor cannot lay this at Secured Creditor's feet.

To warrant an award of "emotional damages". a debtor must "1) suffer significant harm. (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay" In re Dawson, 390 F.3d 1139 (9th Cir. 2004). "Fleeting or trivial anxiety or distress" that is medically insignificant does not support an award of emotional damages. Id.at 1149.

Likewise. Secured Creditor is not certain if the Debtor is seeking "punitive" damages but to the extent she might under 11 USC 362(k)(1). such damages can only be awarded upon a showing of reckless or callous disregard for the law or rights of others. Bloom at 228.   There is no evidence before this Court that the Secured Creditor acted improperly when it held the foreclosure sale.

## IV.    WITNESES DISCLOSED BY SECURED CREDITOR

1.  The Debtor.

2.  The Debtor's husband.

3.  A knowledgeable employee of Secured Creditor.

4.  The person most knowledgeable of this case at Frank Sorrentino's office.

5.  Any witness called by the Debtor.


## V. <u>DOCUMENTS PROPOSED BY SECURED CREDITOR</u>

1.  Secured Creditor's Motion for Relief. Docket 46

2.  Payment History.

3.  Order Vacating Stay. Docket 55

4.  Notice of Entry of Order. Docket 57

5.  Transcript from Debtor's Motion to Reinstate Automatic Stay hearing.

6.  Trustees Deed Upon Sale.

7.  Order on Motion to Reinstate Automatic Stay. Docket 65

8.  Debtor's Motion for Sanctions and Willful Violation of the Automatic Stay and related
    pleadings. Docket 66- 70

9.  Opposition to Motion for Sanctions and related pleadings. Docket 71-73

10. All documents produced by the Debtor.

11. Secured Creditor reserves the right to produce additional documents to rebut Debtor's
    allegations.

## VI.    <u>CONCLUSION</u>

The clear picture before this Court is that the Debtor, and/or her representatives prior to Mr. Burke, did not properly assert or prosecute the Debtor's interests. The law is clear that there was no stay in effect when the foreclosure sale was held and the record is completely devoid of any evidence to

///

///

///

1  make a contrary ruling.

2      WHEREFORE, the Secured Creditor asks that this Court deny Debtor's requests in their entirety.

3      DATED this 4th day of January, 2010.

4

5                              WILDE & ASSOCIATES

6                              By /s/ Gregory L. Wilde

7                              **GREGORY L. WILDE, ESQ.**
                               Attorneys for HSBC BANK USA

8                              and AMERICA'S SERVICING COMPANY

9                              212 South Jones Boulevard
                               Las Vegas, Nevada 89107

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26